IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
                                                )
RICHARD P. WATSON,                              )
                                                )
                    Plaintiff,                  )
                                                )
            v.                                  )      No. 12-785C
                                                )      (Chief Judge Campbell-Smith)
UNITED STATES OF AMERICA,                       )
                                                )
                    Defendant.                  )
_____)

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND,**
**OR, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME**

Pursuant to 28 U.S.C. § 1491(a)(2) and Rule 52.2 of the Rules of the United States Court

of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court

grant a remand of this matter to the Army Medical Examination Board (MEB) for further

consideration in accordance with this Court's opinion and order dated August 13, 2014 (Remand

Order). *Watson v. United States*, 118 Fed. Cl. 266 (2014).  The purpose of this remand would be

to clarify whether the MEB determined that plaintiff, Richard P. Watson, met medical retention

standards during the time periods prescribed by the Court's Remand Order.  This remand would

serve the interests of judicial economy because it would obviate the need for briefing and

proceedings with respect to Counts 3 and 4 of Mr. Watson's amended complaint, which allege

that the Army failed to follow the instructions set forth in the Court's Remand Order and to

apply the appropriate medical retention standard on remand.  We therefore respectfully request

the Court to remand to the MEB.  Alternatively, we respectfully request that, if the Court denies

the request for remand, the Court grant us an enlargement of time of 14 days after the Court

decides the request for remand, but no sooner than June 15, 2015, to file a response to the

amended complaint (Dkt. No. 49).  Counsel for Mr. Watson has represented that he does not consent to this motion.

The gravamen of Mr. Watson's amended complaint is that the Army's determination that Mr. Watson met medical retention standards on November 22, 2006, despite an optic nerve atrophy diagnosis, and on February 5, 2007, despite an optic neuritis diagnosis, is in error.  Am. Compl. at ¶¶ 100-144 (Dkt. No. 49).  In Count 3 of the amended complaint, Mr. Watson alleges that the Army did not follow the Court's Remand Order, directing the MEB to limit its review with respect to Mr. Watson's optic nerve atrophy diagnosis to medical records that existed on or before November 22, 2006, and to limit its review with respect to his optic neuritis diagnosis to medical records that existed on or before February 5, 2007.  *Id.* at ¶ 119-122.  In Count 4, Mr. Watson alleges that the MEB applied the wrong Army medical retention standard on remand.  *Id.* at ¶ 124-127.  We respectfully request a voluntary remand to clarify the bases of the MEB's determination on remand that Mr. Watson met the Army's retention standards as of November 22, 2006, and February 5, 2007.

The Court made clear in its Remand Order that the MEB was to determine whether Mr. Watson's optic nerve atrophy diagnosis met the Army's medical retention standards as of November 22, 2006, and whether his optic neuritis diagnosis met the Army's retention standards as of February 5, 2007.  *Watson*, 118 Fed. Cl. at 272-73.  On remand, the MEB found that Mr. Watson's diagnoses met medical retention standards.  AR Suppl. at 1278.[1]  The MEB acknowledged the limited scope of its medical record review, but did not explicitly state that its review was limited to the time periods established by the Court in the Remand Order.  AR Suppl. at 1231-32.  An additional remand will allow the MEB to clarify that the medical records review

---

[1]  "AR Suppl." refers to the Supplemental Administrative Record filed under seal on March 19, 2015 (Dkt. No. 48).

upon which its determination is made is limited to the time periods set forth by the Court in the Remand Order.

Further, Mr. Watson alleges in his amended complaint that the MEB incorrectly applied a medical retention standard that did not appear in Army regulations until 2010 and that should not, therefore, have been applied to Mr. Watson's 2006 and 2007 retention determinations. Am. Compl. at ¶¶ 124-127. It is unclear from the MEB remand records what Army medical retention regulation was applied to Mr. Watson's appeal. AR Suppl. at 1278-32. An additional remand will allow the MEB to ensure that the appropriate medical retention standard is applied to Mr. Watson's appeal and to state explicitly which standard has been applied.

A Federal agency's motion for voluntary remand is commonly granted because it allows an agency to correct its own potential errors without expending the resources of the Court in reviewing a record that may be unclear, incorrect, or incomplete. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed Cir. 2001). If existing administrative records are incomplete, "the proper course, except in rare circumstances, is to remand [the matter] to the agency for additional investigation or explanation." *Bateson v. United States*, 48 Fed. Cl. 162, 164 (2000). Moreover, procedural complaints, such as those being made by Mr. Watson in Counts 3 and 4 of the amended complaint, beget procedural remedies, including remand. *See Lechliter v. United States*, 72 Fed. Cl. 17, 20 (2006). Because the record lacks clarity regarding the limits of the MEB's review on remand and the medical retention standard applied, another remand to resolve any issues is appropriate.

Accordingly, because of its potential to moot Mr. Watson's claims of procedural error, we respectfully request that the Court grant this request for a voluntary remand to the MEB to evaluate whether Mr. Watson's optic atrophy and optic neuritis diagnoses met applicable

medical retention standards as of the relevant dates set forth in the Remand Order.  If the Court grants this motion, we propose that the parties file a joint status report within ninety (90) days of the Court's order to advise the Court of the remand's progress.  In the alternative, we respectfully request that, if the Court denies this request for a remand, the Court grant us an enlargement of time of 14 days after the Court decides this request for a remand, but no sooner than June 15, 2015, to file a response to the amended complaint.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


/s Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

/s Alexis J. Echols

CPT. DANIEL D. HILL                            ALEXIS J. ECHOLS
Litigation Attorney                            Trial Attorney
Military Personnel Litigation Branch           United States Department of Justice
U.S. Army Litigation Division                  Civil Division
9275 Gunston Road, 3rd Floor                   Commercial Litigation Branch
Fort Belvoir, VA 22060-5546                    P.O. Box 480
                                               Ben Franklin Station
                                               Washington, DC 20044
                                               Telephone: (202) 616-0463
                                               Facsimile: (202) 307-2503


 May 26, 2015                                  Attorneys for Defendant